[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 23, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-16700

_____

Agency No. 06-0238 BRB

DRUMMOND COMPANY, INC.,

Petitioner,

versus

DIRECTOR, OWCP
ROBERT LEE SMITH, SR.,

Respondents.

_____

Petition for Review of a Decision of the
Benefits Review Board

_____

**(May 23, 2008)**

Before DUBINA and BARKETT, Circuit Judges, and SCHLESINGER,* District
Judge.

_____

*Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of
Florida, sitting by designation.

PER CURIAM:

The Petitioner, Drummond Company, Inc. ("Drummond"), seeks review of the Benefits Review Board's ("BRB") decision affirming an Administrative Law Judge's ("ALJ") order awarding black lung benefits to Robert Smith ("Smith") payable from June 1997.

The issue presented on appeal is whether the ALJ erred in determining that Smith's black lung benefits became payable in June 1997 instead of June 2001.

This court reviews the decisions of the BRB *de novo*, to determine whether the ALJ's decision is supported by substantial evidence. *U. S. Steel Mining Co., LLC v. Director, OWCP*, 386 F.3d 977, 984 (11th Cir. 2004). Substantial evidence is "more than a scintilla." *Id.* It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

Drummond does not contest the ALJ's finding that Smith is totally disabled and entitled to black lung benefits. Rather, Drummond merely contends that the date those benefits should begin running is June 2001 (the date of Smith's Request for Modification) and not June 1997 (the date of Smith's initial claim).

After reviewing the record, reading the parties briefs, and having the benefit of oral argument, we conclude that the 2001 test does not prove the existence of Smith's condition in 1997 or 1999. Rather, the 2001 test only proves the

2

existence of Smith's condition in 2001. Thus, the ALJ's decision granting the modification and the BRB's affirmance of that decision were erroneous. As a result, Smith received four years of benefits he was not entitled to. Accordingly, we grant the petition for review and remand this case for further proceedings consistent with this opinion.

**PETITION FOR REVIEW GRANTED**.